Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| COLEGIO DE PERITOS ELECTRICISTAS DE PUERTO RICO<br><br>Recurrente<br><br>v.<br><br>COOPERATIVA DE PROFESIONALES DE LA INDUSTRIA ELÉCTRICA DE PUERTO RICO Y EL CARIBE (ELECTRICOOP)<br><br>Recurrida<br><br>JUNTA EXAMINADORA DE PERITOS ELECTRICISTAS DE PUERTO RICO<br><br>Agencia Recurrida | TA2025RA00011 | Revisión procedente de la Junta Examinadora de Peritos Electricistas de Puerto Rico<br><br>Sobre: Impugnación de Licencia Proveedor Educación Continua |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

La Junta Examinadora de Peritos Electricistas (la "Junta") denegó una petición instada por el Colegio de Peritos Electricistas (el "Colegio"), mediante la cual se impugna la concesión por la Junta de una licencia de proveedor de educación continuada a la Cooperativa de Profesionales de la Industria Eléctrica de Puerto Rico y el Caribe (la "Cooperativa"). Según se explica en detalle a continuación, por estar el asunto objeto de este caso pendiente de resolución en otro proceso administrativo que no ha culminado, se desestima el recurso por haberse tornado académico.

I.

El 12 de marzo de 2025, el Colegio presentó la petición de referencia (la "Petición") ante la Junta; en la misma, se impugnó una

licencia concedida por el Colegio a la Cooperativa para proveer educación continuada a los peritos electricistas. En esencia, el Colegio sostuvo que la Cooperativa no cumplió con los requisitos para ser certificada como proveedor de educación continuada, por lo cual la concesión de la licencia constituyó un acto *ultra vires.*

El 4 de abril, la Junta, por conducto de su Presidente, Sr. Aníbal Picón Vélez, emitió una carta (el "Dictamen"), a través de la cual se denegó la Petición. En síntesis, concluyó que la Petición adolecía de varias deficiencias, por ejemplo: citar un reglamento derogado, alegaciones desacertadas, formato de presentación improcedente y notificación indebida a la Cooperativa. En el Dictamen se le apercibió al Colegio que tenía derecho a presentar una moción de reconsideración dentro de un término de veinte (20) días del recibo de dicha notificación, en virtud de lo establecido en el Artículo 33 del Reglamento Núm. 8476 de 23 de mayo de 2014 (el "Reglamento 8476"), Reglamento de Educación Continua de la Junta Examinadora de Peritos Electricistas.[1] El Dictamen fue notificado por medio de correo certificado con acuse de recibo el 15 de abril y recibido el 22 de abril de 2025.

No conteste con el resultado, el 5 de mayo, el Colegio presentó una *Solicitud de Reconsideración.* De entrada, el Colegio planteó que, aunque en la Petición se hizo referencia a un reglamento derogado, el reglamento vigente contenía disposiciones fundamentalmente iguales al derogado. Añadió que la Junta no pormenorizó cuáles alegaciones de la Petición eran desacertadas. Por último, sostuvo que no le aplican los requisitos que establece el Reglamento Núm. 8644 de 14 de septiembre de 2015 (el

---

[1] La Junta no le apercibió al Colegio de su derecho a solicitar revisión judicial, tal y como lo establece el propio Artículo 33 del Reglamento 8476. A pesar de que ello constituye una notificación defectuosa, no es necesario pronunciarnos al respecto debido a que el caso advino académico. Por consiguiente, aunque procediera ordenar la renotificación del Dictamen, lo cierto es que dicha orden o cualquier pronunciamiento nuestro carecería de un efecto práctico.

"Reglamento 8644"), Reglamento Uniforme de las Juntas Examinadoras Adscritas al Departamento de Salud, en torno a quejas y solicitudes de investigación. Lo anterior, debido a que presentó una Petición bajo el Artículo 21 del derogado Reglamento 7963, correspondiente al vigente Artículo 5.17 del Reglamento 8644. La Junta no se expresó oportunamente en torno a la *Solicitud de Reconsideración*, por lo cual se entiende que fue rechazada de plano.

En desacuerdo, el 20 de junio, el Colegio presentó el recurso de revisión administrativa de referencia; formuló los siguientes tres (3) errores:

PRIMER SEÑALAMIENTO:
Erró la Junta Examinador (sic) al concluir que la derogación del reglamento citado por el Colegio (Reglamento 7963) "afecta de raíz" la Petición del Colegio, ya que el marco normativo aplicable es el Reglamento 8476.

SEGUNDO SEÑALAMIENTO:
Erró la Junta Examinadora al utilizar como base de su decisión la reserva que hizo el Colegio de su derecho a impugnar el Reglamento 8476 por no haber cumplido el requisito legal de "participación activa" del Colegio en la preparación y aprobación y preparación del mismo.

TERCER SEÑALAMIENTO:
Erró la Junta al concluir que el Colegio no cumplió los requisitos del Reglamento 8644 para "presentar su inconformidad respecto a un proveedor certificado.

El 14 de julio, la Junta presentó una *Moción de Desestimación por Falta de Jurisdicción*. Informó que el Departamento de Estado había designado un Oficial Examinador para atender la controversia entre las partes, de conformidad con el proceso adjudicativo establecido en el Reglamento 8644 y la Ley 38-2017, 3 LPRA secs. 9601 *et seq.* (la "LPAU"). A tales efectos, la Junta expresó que el Oficial Examinador a cargo emitió una *Orden* el 17 de junio para la celebración de una conferencia inicial a celebrarse el 8 de julio. Añadió que la vista fue reseñalada para el 11 de agosto. En vista de

lo anterior, la Junta alegó que el recurso de referencia era prematuro y, por ende, carecíamos de jurisdicción para atenderlo.

El 23 de julio, le ordenamos al Colegio mostrar causa por la cual no se debíamos desestimar el recurso de referencia.

El 11 de agosto, fuera del término concedido, el Colegio compareció; arguyó que el proceso administrativo pendiente no puede considerarse como dirigido a resolver la moción de reconsideración en este caso, la cual quedó rechazada de plano. Resolvemos.

II.

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group*, 204 DPR a la pág. 386. Por ello, un foro judicial tiene la responsabilidad indelegable de examinar, en primera instancia, el aspecto jurisdiccional de toda situación jurídica presentada ante sí. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019).

Un "caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado académico". *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005); véase, además, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012).

En particular, un caso se torna en académico cuando pierde su condición de controversia viva y presente con el paso del tiempo y de eventos posteriores. *Emp. Pur. Des., Inc. v. HIETEL*, 150 DPR 924, 936 (2000). Es decir, el caso pierde su carácter adversativo, ya

sea por cambios fácticos o judiciales acontecidos durante su trámite judicial, se crea una circunstancia en la que la sentencia sería una opinión consultiva. *Angueira v. JLBP*, 150 DPR 10, 19 (2000). Una vez se determina que un recurso es académico, los tribunales deben abstenerse de considerarlo en sus méritos. *San Antonio Maritime v. PR Cement Co.*, 153 DPR 374, 387 (2001) citando al Prof. Tribe en *Asoc. de Periodistas v. González*, 127 DPR 704, 719 (1991).

III.

Concluimos que el recurso de referencia es académico. Destacamos que, a la fecha de presentación del recurso, este no era prematuro, debido a que la Junta había culminado el trámite en torno a la Petición. Es decir, no quedaba pendiente trámite alguno.

No obstante, luego de que le ordenásemos a la Junta expresar su postura, esta nos informa que actualmente la misma controversia presentada en el caso de referencia por el Colegio se dilucida ante un Oficial Examinador designado por el Departamento de Estado en otro procedimiento administrativo. Por consiguiente, a partir del momento en el que se acogió dicha queja y el Secretario de Estado designó un Oficial Examinador, el recurso ante nuestra consideración se tornó académico, toda vez que el asunto se encuentra propiamente ante un foro administrativo, por lo cual sería inoportuno e inoperante cualquier remedio que pudiésemos disponer con respecto al trámite administrativo de referencia. Véanse, por ejemplo, *Báez Díaz v. ELA*, 179 DPR 605, 617 (2010); *RBR Const., S.E. v. Autoridad de Carreteras*, 149 DPR 836, 846 (1999).

IV.

Por los fundamentos anteriormente expuestos, se desestima el recurso de referencia bajo la Regla 83(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, a la pág. 115, 215 DPR __ (2025).

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones